## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT DAVID DUNN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. CIV-05-726-F** |
| ) | |
| **RANDALL WORKMAN, Warden,** ) | |
| **STATE OF OKLAHOMA,** ) | |
| ) | |
| **Respondents.** ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition was promptly examined.[2] On June 29, 2005, the undersigned issued an order requiring Petitioner to show cause why the petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). After reviewing the response to the show cause order, and for the reasons set forth below, it is recommended that the petition be dismissed upon filing as untimely.

As noted, Petitioner is not challenging his conviction, but instead the execution of his sentence in Case No. CRF-91-27, District Court of Harper County.  Petitioner alleges that he

---

[1]  The Petitioner filed this action pursuant to 28 U.S.C. § 2254.  However, he clearly states that he is not challenging his conviction, but rather objects to the manner in which the Department of Corrections is having him serve his sentence.  Because the Petitioner is challenging the execution of his sentence rather than the validity of his conviction and sentence, this petition is more properly brought under 28 U.S.C. § 2241.  See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

[2]Pursuant to Rule 1(b), Rules Governing Section 2254 Cases, these rules may be applied to habeas cases other than those brought under 28 U.S.C. § 2254 at the discretion of the court.

pled guilty to three counts of sexual child abuse, one count of sodomy and two counts of first degree rape, for which he was sentenced to two concurrent life sentences to run consecutively with two concurrent twenty year sentences and two one year sentences to run concurrently with his life sentences.  Petition, p. 1.   Petitioner contends that the Department of Corrections is not running the sentences in accordance with the judgment and sentence because the court, during sentencing explained:

> Your two life sentences are to run at the same time.  Your two 20 year sentences are to run at the same time.  The two one year sentences in the county jail will run at the same time and run at the same time as the two life sentences.

Tr. 95 (Attached to the Petition).  According to Petitioner, the Department of Corrections first billed him on his two twenty-year sentences and then on September 9, 2000, rebilled him to his life sentences, which he contends he should have served first, concurrently with his one year sentences.  Petition, p. 9.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ."  As stated by the Fifth Circuit:

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.  This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory Committee Notes).  Rule 4 of the Rules Governing Section 2254 Cases, which may also be applied to § 2241 cases, "differentiates habeas cases from other civil cases with respect to sua sponte

consideration of affirmative defenses." Id.; Rule 1(b), Rules Governing Section 2254 Cases. Thus, the issue of the timeliness of a petition for writ of habeas corpus may be raised sua sponte. See Williams v. Boone, No. 98-6357, 1999 WL 34856, at * 3 (10th Cir. Jan. 28, 1999)[3] (affirming this Court's sua sponte dismissal of a § 2254 habeas corpus petition as untimely under Rule 4); see also Acosta v. Artuz, 221 F.3d 117, 123-24 (2nd Cir. 2000) (citing Williams and holding that district courts may raise the one-year statute of limitations sua sponte). Moreover, the undersigned's sua sponte consideration of the petition will not prejudice Petitioner since he had an opportunity to show cause and will have a further opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. See Smith v. Dorsey, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992)). After reviewing the petition, and Petitioner's July 13, 2005 response to the Court's show cause order, denoted by Petitioner as a brief in support, the undersigned recommends that the petition be dismissed as untimely.

Because Petitioner challenges the execution of his sentence under 28 U.S.C. § 2241, the one year limitation period began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ." 28 U.S.C. § 2244(d)(1)(D).  See Cotner v. Boone, No. 01-7096, 2002 WL 31045393, at *2

---

[3] This and any other unpublished decision cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.

(10th Cir. Sept. 13, 2002) (analyzing timeliness of a § 2241 petition claiming incorrect calculation of credits by applying 28 U.S. C. § 2241(d)(1)(D)).  Applying § 2244(d)(1)(D) to the present case, the one year statute of limitations began to run when Petitioner should have been aware that he had been rebilled to his life sentences after completing his twenty year sentences.

In his July 13, 2005, Brief in Support, Petitioner asks the Court's forgiveness for failing to file his petition in 2000.  Brief in Support, p. 1.  Petitioner asserts that he did not file the petition in 2000 because he "was not aware that the Department of Corrections could not make him serve his sentences the way that 'they' wanted them served instead of the way that the sentencing Judge had ordered them to be."  Brief in Support, p. 1.  In the June 29, 2005 Order, the undersigned requested that Petitioner provide information regarding when and how he became aware of the Department of Corrections' actions on September 9, 2000, whereby he was rebilled from his twenty year sentences to his life sentences.  From the brief, the undersigned concludes that Petitioner became aware of the Department of Corrections' action on September 9, 2000, when the "State of Oklahoma stated that Mr. Dunn had discharged his two twenty year sentences. The State of Oklahoma at that time REBILLED Mr. Dunn BACK to his life sentences when in all actuality Mr. Dunn should have been released from confinement BECAUSE A PERSON CANNOT serve time on the installment plan."  Brief in Support, unnumbered page 6.  Using September 9, 2000 as the starting date, Petitioner's one year limitations period would have expired on September 9, 2001.  Malone v. State, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year limitation period

should be calculated using anniversary date method) (citing <u>United States v. Hurst</u>, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until June 24, 2005, and in the absence of tolling, is clearly untimely.

**<u>Statutory and Equitable Tolling</u>**

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Petitioner filed a petition for a writ of habeas corpus in the District Court of Cleveland County and that court denied the petition on March 29, 2005. (Attached to petition). Petitioner then filed a petition for a writ of habeas corpus with the Oklahoma Court of Criminal Appeals, but that court denied the petition on May 11, 2005. (Attached to petition). However, Petitioner is not entitled to tolling for his habeas corpus actions in the District Court of Cleveland County and the Oklahoma Court of Criminal Appeals because these actions were not commenced until the limitations period had already expired. <u>See e.g.</u>, <u>Hansell v. LeMaster</u>, No. 98-2207, 1999 WL 258335, at *2 (10th Cir. April 30, 1999) (refusing to toll limitation period for time petitioner spent seeking post-conviction relief where petitioner did not seek such relief until after the statutory period ended). Therefore, statutory tolling is unavailable in this case.

The period of limitation also may be subject to equitable tolling under circumstances where application of the period of limitations would possibly render the habeas remedy "inadequate and ineffective." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000). In <u>Gibson</u>, the Tenth Circuit

recognized that "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (citations omitted); accord Miller, 141 F.3d at 978 (recognizing that circumstances such as a claim of actual innocence or incompetency may exist where application of the limitation period would possibly render the habeas remedy "inadequate and ineffective" and subject the limitation period to equitable tolling). "Moreover, a petitioner must diligently pursue his federal habeas claims  . . . ." Gibson, 232 F.3d at 808 (citing Miller, 141 F.3d at 978). "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. Miller, 141 F.3d at 977.

The sole reason offered by Petitioner for his failure to challenge the Department of Corrections' action in a timely manner is ignorance of the law. Brief in Support, p. 1. Ignorance of the law is not a basis for the equitable tolling of the statute of limitations period. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of law generally does not excuse late filing of pro se prisoner). Because Petitioner has provided no basis for equitable tolling, the undersigned recommends that the petition be dismissed as untimely.

## <u>RECOMMENDATION</u>

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed on filing as untimely pursuant to 28 U.S.C. § 2244(d).  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 8, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of the Court is instructed to forward a copy of the Report and Recommendation to the Oklahoma Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED this 19th day of July, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE